

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-6471
Re: Whether Commissioners' Court
of a county can legally em-
ploy a person, (pay his sal-
ary, traveling expense, etc.)
to go over the county for the
purpose of conducting demon-
strations on rat or gopher
control, and a related ques-
tion.

Your request for our opinion on the hereinabove
captioned matter has been received by this department.  We
quote from your letter as follows:

"Article 190, Vernon's Annotated Civil
Statutes, provides for the purchase of poison
for certain animals, including gophers, rats
etc., by the County, payable from the general
fund, and the article further recites that the
county may furnish this poison with or without
charge to the citizens of the county.

"Article 164, RCS of 1925, as amended provides:

"'The Commissioners' Court of any county of
this state is authorized to establish and conduct
co-operative demonstration work in agriculture and
Home Economics in co-operation with the Agricul-
tural and Mechanical College of Texas, upon such
terms and conditions as may be agreed upon by the
Commissioners' Court and the Agents of the Agricultural

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and Mechanical College of Texas; and may employ
such means, and may appropriate and expend such
sums of money as may be necessary to effectively
establish and carry on such demonstration work in
Agriculture and Home Economics in their respective
counties.'

"QUESTION: Can the Commissioners' Court of
a county legally employ someone to be paid a salary
to go over the county, including traveling expense,
or the purchase of an automobile for said purpose,
demonstrating on rat or gopher control, or go in
with a City jointly for this purpose of poisoning
rats etc., under Article 190 and Article 164, above
mentioned? If these articles do not cover this ex-
penditure, if there is any other statute governing
same, would appreciate your advice in this matter."

The courts of Texas have repeatedly held that county
commissioners' courts may exercise only such authority as is
conferred upon them by the Constitution and Statutes of this
State, either by express terms or by implication. There are
many authorities to this effect, and we cite the following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
Texas Jurisprudence, Vol. 11, pages 563-566;
Bland vs. Orr, 39 S. W. 558;
Nunn-Warren Publishing Company vs. Hutchison
County, 45 S. W. (2d) 651;
Hogg v. Campbell, 48 S. W. (2d) 515;
Landman v. State, 97 S. W. (2d) 264;
El Paso County v. Elam, 106 S. W. (2d)
2791;
Dobson v. Marshall, 118 S. W. (2d) 621;
Mills County v. Lampasas County, 40 S. W.
404

After a careful study of the Constitution and Statutes
of this State, we find no provision authorizing the Commissioners'
Court to employ a person to conduct demonstrations on rat and
gopher control and pay him a salary, etc., out of the county funds.

Article 190 of Vernon's Annotated Civil Statutes is
plain and unambiguous and it does not give the commissioners'
court authority, either by express terms or implication, to make
the expenditures about which you inquire.

Also, you quote Article 164 of Vernon's Annotated Civil Statutes, and in discussing this statute in a previous opinion (0-2498) this department has said:

"The above quoted statute authorizes the county commissioners' court to establish and conduct co-operative demonstration work in agriculture in co-operation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the commissioners' court and the agents of the Agricultural and Mechanical College of Texas. Agricultural agents are employed by the counties under said statute."

After a careful analysis of Article 164, supra, and our prior opinion, we do not find anything contained therein that would justify the county commissioners' court in employing a person such as the one about which you inquire.

In view of the foregoing, it is the opinion of this department that the county commissioners' court is not authorized to employ a person to conduct demonstrations on rat and gopher control and pay him a salary and traveling expenses out of county funds, or other similar expenses. In view of this holding, it necessarily follows that a joint undertaking with a city would not authorize the commissioners' court to expend money for the purpose of poisoning rats and gophers. In other words, the law does not permit the commissioners' court to expend county funds for the purposes about which you inquire, regardless of whether the expenditures are made solely in behalf of the county or jointly in connection with a city or cities.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By     *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

JCD/JCP

APPROVED JUL  , 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN